IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation; and GEORGE S. LOUIE,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 03-1428 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY ADJUDICATION |

    Defendants Amerco, Amerco Real Estate Company, U-Haul Co. of California and U-Haul International, Inc. move pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary adjudication on the ground that the scope of release under the settlement agreement in <u>Richard v. Bayshore Moving Center</u>, No. C 96-3881 CW (N.D. Cal.), applies to permanent, architectural barriers and that Plaintiffs Americans with Disabilities Advocates

and George S. Louie may not assert federal or State claims based on architectural barriers to access. Plaintiffs oppose the motion. Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion in part and DENIES it in part.

BACKGROUND

On April 4, 2003, Plaintiffs filed the first of the lawsuits that make up this consolidated case alleging that Defendants owned, operated and/or maintained several retail establishments that violated applicable disability access requirements and standards. More specifically, Plaintiffs alleged that Defendants had violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 et seq., California Civil Code §§ 54 et seq., California Civil Code §§ 51 et seq., California Health and Safety Code §§ 19955 et seq., California Business and Professions Code § 17200, California Civil Code § 3345, and the common law of negligence. On September 12, 2003, Defendant U-Haul International filed a motion to enforce a settlement agreement entered into in a prior lawsuit filed against it, Richard v. Bayshore Moving Center, No. C 96-3881 CW (N.D. Cal.), and to dismiss Plaintiffs' claims on the basis that they were barred by that settlement agreement.

On March 18 2004, this Court granted U-Haul International's motion to enforce the Richard settlement agreement and granted, with leave to amend, U-Haul International's motion to dismiss. In the March 18 Order, the Court concluded that the Richard settlement agreement bars Plaintiffs from bringing claims under the ADA addressing structural barriers to access. March 18 Order at 8. The Court instructed that if Plaintiffs wished to pursue this

2

action, they must file an amended complaint alleging only claims not released by the <u>Richard</u> settlement agreement. <u>Id.</u> However, the Court agreed with Plaintiffs that the <u>Richard</u> settlement agreement does not bar them from bringing claims based on U-Haul International's alleged failure to keep paths of travel clear of impermanent, non-structural blockages, such as displays or boxes. <u>Id.</u> Moreover, the Court agreed with Plaintiffs that the <u>Richard</u> settlement agreement does not bar them from bringing claims, for structural or non-structural blockages, based on State law because the settlement agreement clearly states that the plaintiff class does not release "any claims that may exist under State law, except as set forth . . . regarding the Bayshore Moving Center." <u>Id.</u> at 5.

On April 7, 2004, Plaintiffs filed their First Amended Complaint (FAC), in which they refer to "architectural barriers" as follows,

> Plaintiff LOUIE has encountered discriminatory conditions (in the form of architectural barriers to equal access and in the form of a policy, practice, or procedure of placing obstructions - or permitting the placement of obstructions - in the path of travel so that those paths of travel are not kept clear for access by wheelchair users) at various facilities that are under Defendants' control (whether by reason of ownership, operation, or through a leasing agreement) on various dates.

FAC at ¶ 7.

Plaintiffs further refer to "architectural barriers" in their allegations that "Defendants' conduct (in maintaining architectural barriers and in failing to modify their policies, practices and procedures so as stop the placement of obstructions in clear paths of travel) was willful, intentional, reckless, and/or negligent

3

(including negligent per se)." Id. at ¶ 10.

In their final factual reference to "architectural barriers" to access, Plaintiffs allege, "Defendants knew or should have known that their conduct (in maintaining architectural barriers and in failing to modify their policies, practices and procedures so as stop the placement of obstructions in clear paths of travel) was directed to one or more senior citizens or disabled persons." Id. at ¶ 11. Plaintiffs include the above allegations of "architectural barriers" to access in their first cause of action, the ADA claim, as well as in their subsequent State law causes of action. See id. at ¶¶ 13, 19, 24, 29, 33, 38, 45, 48.

Defendants now request that the Court grant partial summary adjudication on the ground that the scope of release in the Richard settlement agreement precludes Plaintiffs from alleging structural barriers to access and, therefore, Plaintiffs may not assert their federal law or State law claims based on "architectural barriers" to access.[1]

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is

---

[1] In their reply, Defendants request that Plaintiffs' opposition to the motion for partial summary adjudication be stricken as untimely. Pursuant to Civil Local Rule 7-3(a), an opposition to a motion must be served and filed no less than twenty-one days before the hearing date. Plaintiffs served their opposition only eighteen days before the hearing date, and Defendants maintain that this delay denied them the opportunity adequately to prepare their response. As evidenced by Defendants' timely reply, the three-day delay did not result in prejudice to them. Therefore, Plaintiffs' response is not stricken.

1  clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.
2  56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
3  Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.
4  1987).

5      The moving party bears the burden of showing that there is no
6  material factual dispute.  Therefore, the court must regard as true
7  the opposing party's evidence, if supported by affidavits or other
8  evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815
9  F.2d at 1289.  The court must draw all reasonable inferences in
10 favor of the party against whom summary judgment is sought.
11 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
12 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d
13 1551, 1558 (9th Cir. 1991).

14                             DISCUSSION

15     Defendants argue that, in the FAC, Plaintiffs continue to base
16 their claims on permanent "architectural barriers" to access in
17 defiance of the Court's March 18 Order instructing Plaintiffs to
18 allege only claims not released by the Richard settlement
19 agreement.  Defendants contend that the Court's directive prohibits
20 Plaintiffs from basing any federal or State law claims on
21 structural barriers.  Plaintiffs contend that the Court's order
22 does not bar them from bringing claims on permanent architectural
23 barriers to access based on State law and that "the only claims in
24 the First Amended Complaint that are based on permanent,
25 architectural barriers are State law claims."  Pl. Reply at 3
26 (emphasis in original).

27     Plaintiffs are correct that the March 18 Order does not

5

1  preclude them from bringing claims under State law based on
2  structural barriers to access.  In its March 18 Order, the Court
3  clearly stated that "the Richard settlement agreement does not bar
4  [Plaintiffs] from bringing claims based on State law."  Plaintiffs
5  are, therefore, free to assert State law claims based on structural
6  or non-structural barriers to access.
7      Defendants rely upon a statement in the Court's order that
8  limits the scope of the Plaintiff's ADA claims to "impermanent,
9  non-structural blockages."  However, Defendants ignore that this
10 limitation pertains solely to ADA claims and does not apply the
11 same limitation to State law causes of action.  Thus, the Court's
12 order cannot be read to bar Plaintiffs from bringing State law
13 claims for "architectural barriers" to access.
14     However, Plaintiffs incorrectly state that "the only claims in
15 the First Amended Complaint that are based on permanent,
16 architectural barriers are State law claims."  In their first cause
17 of action for violation of the ADA, Plaintiffs "repeat and reallege
18 each and every allegation contained in paragraph 1 though 12
19 hereof, and incorporate the same herein by reference."  FAC at
20 ¶ 13.  Paragraphs 7, 10 and 11 of the FAC allege "architectural
21 barriers" to access.  As such, Plaintiffs continue to base their
22 ADA claim on permanent architectural barriers.  Although Plaintiffs
23 are free to allege paragraphs 7, 10 and 11 under their State law
24 causes of action, such claims are precluded under the ADA pursuant
25 to the Richard settlement agreement.
26     Accordingly, the Court grants in part Defendants' motion for
27 partial summary adjudication and denies it in part.  Plaintiffs may
28

6

not bring a claim for "architectural barriers to access" under the ADA cause of action.  However, Defendants' motion for partial summary adjudication that Plaintiffs are precluded from asserting State law claims based on permanent barriers to access is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary adjudication (Docket no. 43) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: 10/4/05

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge